UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| John Kaweske,<br><br>       Plaintiff,<br><br> -against-<br><br><br>Banco Bradesco S.A., et al.,<br><br>       Defendants. | 25-CV-6588 (JLR) (RFT)<br><br>**<u>OPINION AND ORDER</u>** |

**ROBYN F. TARNOFSKY, United States Magistrate Judge:**

Pending before the Court is Plaintiff John Kaweske's second motion for alternative service pursuant to Rules 4(f)(3) and 4(h)(2). (*See* ECF 19, Second Mot. For Alt. Serv.) For the reasons set forth below, that motion is DENIED.

## Background

On March 4, 2026, I issued an order denying Plaintiff's first motion for alternative service pursuant to Rule 4(f)(3) and Rule(h)(2) on Defendants Tricon Energy Do Brasil Comercio De Produtos Quimicos LTDA ("Tricon Energy Brasil.") (ECF 18, Order.) Plaintiff sought to serve Defendant Tricon Energy Brasil, which is believed to be in Brazil, by delivering the Summons and First Amended Complaint to Tricon Energy Brasil's United States affiliates, Tricon Energy Ltd. or Tricon Energy, Inc. (ECF 15, First Mot. For Alt. Serv.) I denied Plaintiff's first motion for alternative service without prejudice to a renewed motion on a proper showing. (ECF 18, Order.)

On March 10, 2026, Plaintiff filed a renewed letter-motion for alternative service on Defendant Tricon Energy Brasil. (ECF 19, Second Motion For Alt. Serv.) Plaintiff asserted that

effectuating Hague service in Brazil is "slow and costly" and that serving Tricon Energy Brazil through the so-called "Houston Tricon channel" of its United States affiliates, Tricon Energy, Inc. and Tricon Energy, Ltd. in Houston, Texas, would "avoid unnecessary delay and expense." (*Id.* at 1-2.)

## Legal Standard

Rule 4(f) governs service of an individual in a foreign country. Fed. R. Civ. P. 4(f). Rule 4(h)(2) allows a foreign corporation outside the United States to be served with a summons and complaint in "any manner prescribed by Rule 4(f) for serving an individual" with a single exception not relevant here. Fed. R. Civ. P. 4(h)(2). Foreign corporations can be served by "any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents" pursuant to Rule 4(f)(1). Fed. R. Civ. P. 4(f)(1); *Agrana Fruit US, Inc. v. Ingredientrade Inc.,* No. 23-CV-10147 (ALC) (GS), 2024 WL 773643, at *1 (S.D.N.Y. Oct. 31, 2025) (detailing the parameters of Rule 4(f) and the interplay between its subsections). Rule 4(f)(2) outlines other permissible methods of service in the absence of internationally agreed means. Fed. R. Civ. P. 4(f)(2). Rule 4(f)(3) allows service upon a foreign individual or corporation by court-ordered means not prohibited by international agreement. Fed. R. Civ. P. 4(f)(3). In his First and Second Motions for Alternative Service, Plaintiff acknowledges that Brazil is a signatory to the Hague Convention. (*See* ECF 15, Pl.'s First Mot. For Alt. Serv. at 2; ECF 19, Pl.'s Second Mot. For Alt. Serv. at 2.)

Courts have declined to treat the subsections of Rule 4(f) as a hierarchy; a plaintiff is generally not required to exhaust service through the other subsections of Rule 4(f) before a

2

court may order alternative service pursuant to Rule 4(f)(3). *Levai v. Marlborough Gallery Inc.,* No. 20-CV-7911 (AJN) (KNF), 2021 WL 8263546, at *4 (S.D.N.Y. May 3, 2021) (explaining that "there is no hierarchy among the subsections in Rule 4(f)"); *Asia Cube Energy Holdings, Ltd. v. Inno Energy Tech Co., Ltd.,* No. 20-CV-6203 (AJN), 2020 WL 4884002, at *2 (S.D.N.Y. Aug. 17, 2020) (discussing the relationship between the provisions of Rule 4(f)).

Nevertheless, "district courts in this Circuit generally impose two threshold requirements before authorizing alternative service under Rule 4(f)(3): (1) a showing that the plaintiff has reasonably attempted to effectuate service on the defendant, and (2) a showing that the circumstances are such that the court's intervention is necessary." *Ultra Int'l Music Publ'g, LLC v. Sony Music Ent.,* No. 24-CV-9149 (RA) (GS), 2025 WL 670842, at *2 (S.D.N.Y. Mar. 3, 2025) (denying the plaintiffs' motion for alternative service pursuant to Rule 4(f)(3) for failing to demonstrate attempts at effectuating service).

Furthermore, where a defendant's country of residence is a signatory to the Hague Convention, courts routinely require a plaintiff to attempt to effectuate service pursuant to the Hague Convention before seeking alternative service under Rule 4(f)(3). *See, e.g., Live Brands Holdings, LLC v. Gastronomico Gracias a Dios, Sociedad Responsabilidad Limitada de Capital Variable,* No. 20-CV-1213 (GHW), 2020 WL 13855620, at *2 (S.D.N.Y. May 13, 2020) ("Plaintiff has not attempted to use any of the methods of service under the Hague Convention. Therefore, Plaintiff has not made a showing that it 'reasonably attempted to effectuate service' on Defendants"); *Asia Maritime Pac. Chartering Ltd. v. Comercializadora Columbia S.A. de C.V.,* No. 22-CV-10789 (RA), 2023 WL 372880, at *2 (S.D.N.Y. Jan. 23, 2023) (denying petitioner's

3

motion for alternative service for failure to attempt to effectuate service through Hague Convention procedures); *Ultra Int'l Music Publ'g,* 2025 WL 670842, at *4 (collecting cases).

**Analysis**

Plaintiff has failed to meet the threshold requirements warranting alternative service pursuant to Rule 4(f)(3). Plaintiff does not demonstrate any prior attempts at effectuating service upon Tricon Energy Brasil or otherwise present a cognizable basis for the Court's intervention. *See Ultra Int'l Music Publ'g, LLC,* 2025 WL 670842, at *2. Plaintiff barely references Tricon Energy Brasil in his renewed letter-motion, and to the extent that he does, such references are limited to discussing the "unnecessary delay and expense" Plaintiff would allegedly incur in complying with the Hague Convention service provisions. (*See* ECF 19, Pl.'s Second Mot. For Alt. Serv. at 2.) While Plaintiff contends that "Hague service in Brazil is slow and costly," this is an insufficient basis for forgoing the Hauge Convention procedures and granting alternative service under Rule 4(f)(3). *See Asia Maritime Pacific Chartering Ltd.,* 2023 WL 372880, at *2 ("While the Court recognizes that service on foreign respondents may take time, Petitioner's 'desire to move quickly' is not a basis to circumvent [the Hague Convention]."); *Ultra Int'l Music Publ'g,* 2025 WL 670842, at *6 (rejecting the plaintiffs' argument that service pursuant to the Hague Convention would be "wasteful, expensive, and time-consuming" as an insufficient justification for alternative service). Accordingly, Plaintiff must first attempt to effectuate service upon Tricon Energy Brasil in accordance with the Hague Convention procedures before this Court would consider granting his motion for alternative service pursuant to Rule 4(f)(3).

**Conclusion**

For the foregoing reasons, Plaintiff's motion for alternative service pursuant to Rule

4(f)(3) and Rule 4(h)(2) is DENIED without prejudice to renewal if Plaintiff is unable to effect

service through the Hague Convention.


Dated:  March 18, 2026
        New York, New York


                                        SO ORDERED.

                                        _____
                                        **ROBYN F. TARNOFSKY**
                                        **United States Magistrate Judge**