UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOHN KAWESKE,

                Plaintiff,

    -against-

BANCO BRADESCO S.A., et al.,

                Defendants.

25-CV-06588 (JLR) (RFT)

**ORDER**

**ROBYN F. TARNOFSKY, United States Magistrate Judge:**

As discussed at the discovery conference held on May 27, 2026, and for the reasons stated on the record:

1. Plaintiff's motion for confirmation that "service on each domestic defendant was proper" and "for a finding that Defendants appeared through counsel and suffered no prejudice" or the alternative for an extension of time to serve (**ECF 58**) is **GRANTED IN PART** and **DENIED IN PART.** The motion is **DENIED IN PART**, in that Plaintiff's request for a ruling that service on each "domestic defendant" was proper and for a finding that Defendants appeared through counsel and suffered no prejudice is denied as premature. Judge Rochon will address those issues in connection with Defendants' motions to dismiss (ECF 37, 47). Plaintiff's request in the alternative for an extension of time is **GRANTED IN PART**, as follows:

    a. Counsel for Tricon Energy Inc. ("TEI"), Tricon Energy Ltd. ("TEL"), and Tricon Energy Do Brasil Comercio De Produtos Quimicos Ltda. ("TE Brasil") (together, the "TE Entities") represented that TEI will not be challenging the sufficiency of service of process; that position is without prejudice to TEI's arguments

challenging jurisdiction and venue, among other arguments. And counsel for the TE Entities represented that TEL may be served at an address in the United States, which he will provide to Plaintiff by **June 1, 2026**. Accordingly, Plaintiff's time to serve TEL is extended until **June 18, 2026**. I previously ordered that TE Brasil be served through the Hague Convention and granted Plaintiff until September 27, 2026 to do so. (ECF 27.) Accordingly, there is no need right now for an extension of time for service of TE Brasil; Plaintiff may if appropriate make a renewed application for an extension of time to serve TE Brasil closer to the deadline for such service.

b.  Counsel for Bradesco Securities, Inc. ("BSI") and Banco Bradesco S.A. (Bradesco) (together, the "Bradesco Entities") represented that BSI will not be challenging the sufficiency of service of process; that position is without prejudice to BSI's arguments challenging jurisdiction and venue, among other arguments. The sufficiency of Plaintiff's service of Bradesco will be determined by Judge Rochon in connection with the Bradesco Entities' motion to dismiss. (ECF 47.) If Judge Rochon grants that motion solely on grounds that service was insufficient and does not extend nunc pro tunc Plaintiff's time to serve Bradesco, I would at that time consider a renewed application by Plaintiff for an extension of time to serve Bradesco under the Hague Convention.

2.  Plaintiff's application for limited jurisdictional discovery (**ECF 60**) is **DENIED IN PART** and **GRANTED IN PART**, as follows:

a. A federal court has general personal jurisdiction over a corporate defendant if the defendant has its principal place of business or is incorporated in the state where the court is located, or, in an "exceptional case," if the defendant has such significant contacts with the forum that it is essentially at home there. *See Daimler AG v. Bauman,* 571 U.S. 117, 137-39 (2014). Merely doing business in a jurisdiction – even a substantial amount of business – does not mean that a corporate defendant is subject to general personal jurisdiction there. *See Brown v. Lockheed Martin Corp.*, 814 F. 3d 619, 627-30 (2d Cir. 2016) (holding that the court could not exercise general personal jurisdiction over the corporate defendant because even though the corporate defendant had conducted business in the forum state for over three decades at various locations, its contacts with the state were not sufficiently "exceptional" for the court to find the defendant "essentially at home" and "to exercise such sweeping powers . . . to decide matters unrelated to its citizens."). Accordingly, By **June 5, 2026**, the Bradesco Entities shall produce documents sufficient to show the legal status of Bradesco's New York branch office, and in particular, whether the New York branch office is a separate legal entity from Bradesco; and by **June 5, 2026**, the TE Entities shall produce documents sufficient to show the principal place of business and place of incorporation of TEI, TEL, and TE Brasil.

b. A federal court has specific personal jurisdiction over a corporate defendant if the plaintiff's claimed harm arises out of the defendant's actions within the jurisdiction. *See Alfandry v. Nikko Asset Mgmt. Co.*, 337 F. Supp. 3d 343, 359

(quoting *Burger King Corp. v. Redzewicz*, 471 U.S. 462, 472 (1985)) ("Specific jurisdiction exists when the defendant has 'purposefully directed' his activities at residents of the forum, and the litigation results from injuries 'aris[ing] out of or relat[ing] to those activities.'").   Plaintiff's application for wide-ranging discovery into the contacts the TE Entities and the Bradesco Entities have to this District seeks materials going beyond Defendants' actions in this District that led to the harm he allegedly suffered. Accordingly, Plaintiff's discovery requests (**ECF 60**) are denied in substantial part, but Defendants shall produce, by **June 5, 2026,** documents sufficient to show any connections to New York of the 19 transactions at issue. Plaintiff may serve more targeted discovery requests on the TE Entities and the Bradesco Entities by **June 1, 2026**. If he does so, and if Defendants object, the parties shall meet and confer by **June 5, 2026**; and if the parties reach an impasse, Plaintiff may, by **June 10, 2026**, file a letter-motion to compel. If Plaintiff files such a letter-motion, the TE Entities and the Bradesco Entities shall have until **June 15, 2026** to respond by filing a letter on the docket.

The Clerk of Court is respectfully requested to reissue summonses as to Defendants Tricon Energy Ltd. and Tricon Energy Do Brasil Comercio De Produtos Quimicos Ltda., with the signatures and seals necessary to effectuate proper service, and to mail copies of those summonses to Plaintiff. The Clerk of Court is respectfully requested to terminate **ECF 58**.

DATED:  May 29, 2026                        SO ORDERED.
        New York, NY

_____

**ROBYN F. TARNOFSKY**
**United States Magistrate Judge**