UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOHN KAWESKE,

                    Plaintiff,

          -against-

BANCO BRADESCO S.A., et al.,

                    Defendants.

25-CV-06588 (JLR) (RFT)

**OPINION & ORDER**

**ROBYN F. TARNOFSKY, UNITED STATES MAGISTRATE JUDGE:**

Pending before the Court are Plaintiff's motion to compel discovery (ECF 73) and for reconsideration of my second order (ECF 70) concerning jurisdictional discovery (ECF 71).[1] The issues raised by both applications are intertwined, and so I consider them together. As I indicated at the conference held on June 25, 2026, the motion to compel (ECF 73) and the motion for reconsideration (ECF 71) are **DENIED**. For the reasons set forth below, Plaintiff has not demonstrated that Defendants have failed to comply with the orders on jurisdictional discovery (ECF 67, 70), such that compelling them to comply is warranted; and Plaintiff has not "point[ed] to controlling decisions or data that the court overlooked . . . that might reasonably be expected to alter the conclusion reached by the court," *Kumaran v. Nat'l Futures Ass'n*, No. 20-CV-3668 (GHW), 2023 WL 3160116, at *1 (S.D.N.Y. Apr. 28, 2023), that would lead me to reconsider the order on jurisdictional discovery (ECF 70).

---

[1]    I allowed Plaintiff until June 22, 2026 to move for reconsideration of my second order (ECF 70) concerning jurisdictional discovery. (ECF 82.) Plaintiff did not file such a motion and instead filed a pre-conference statement (ECF 93) indicating that he stood on his previous filings in connection with the pending motion to compel (ECF 73). In light of Plaintiff's pro se status, I consider Plaintiff's letter saying he intended to file a motion for reconsideration of my order (ECF 71) on jurisdictional discovery as the motion for reconsideration itself.

Plaintiff argues that Defendants' production of documents in response to my order requiring production of "documents sufficient to show any connections to New York of the 19 transactions at issue" (ECF 70) was deficient, in violation of Rule 37. (ECF 73.) Plaintiff contends that Defendants have limited their production to documents supporting a conclusion that the 19 transactions at issue have no connections to New York, because the 19 transactions were cash deposits at Brazilian bank branches that were not transferred to the United States. (*Id.*) Plaintiff complains that Bradesco improperly declined to produce:

> (a) the New York Branch's compliance, records-access, transaction-monitoring, sanctions-screening, correspondent-banking, trade-finance, records-custody, and financial-infrastructure functions; (b) source-of-funds, depositor-identity, third-party authorization, beneficial-ownership, account-control, teller, branch, supervisory, and domestic-clearing records; (c) KYC, CDD, EDD, AML, BSA, sanctions, audit, suspicious-activity, source-of-funds, and transaction-monitoring review records connected to the 19 transactions; (d) SWIFT, Fedwire, CHIPS, foreign-exchange, correspondent-bank, intermediary-bank, downstream-transfer, settlement, reimbursement, and payment-route records; and (e) Bradesco Securities Inc., Bradesco North America LLC, New York Branch, New York employee, New York system, New York records-access, and New York compliance categories.

(*Id.*) Similarly, Plaintiff complains that Tricon improperly construes "connection to New York" to mean only "connections sufficient under federal law to support this Court's exercise of personal jurisdiction over Tricon in New York," and asserts that as a result, Tricon improperly declined to produce "entity-role records," "payment-route and methanol-payment-chain records," "Houston approval, management, compliance, audit, sanctions, legal, risk-review, treasury, and credit-control records, refuses intercompany, bank-account, receivables, proceeds, reimbursement, and profit-allocation records," and "records-access and United States-connected systems records." (*Id.*)

Plaintiff argues that, as regards discovery into specific personal jurisdiction, the phrase "any connection" to New York should be construed broadly, because:

> a transaction includes source of funds, depositor identity, source account, authorization, teller and branch processing, account credit, beneficiary-account records, compliance review, transaction monitoring, settlement, downstream transfer, receivable recognition, reimbursement, foreign exchange, intercompany movement, proceeds, profit booking, payment instructions, correspondent banking, records access, and records custody.

(*Id.*) Plaintiff's conception of a transaction falls well outside the framework for specific jurisdiction established by governing caselaw. Plaintiff asserts that a "commingled proceeds" theory supports discovery into downstream transfers, fee revenue, treasury flows, and profit bookings, and that a "pattern of use" theory supports discovery into the broader Bradesco-Tricon banking relationship, but the cases he cites in support – *Licci ex rel. Licci v. Lebanese Canadian Bank, SAL*, 732 F.3d 161, 168 (2d Cir. 2013) and *Al Rushaid v. Pictet & Cie*, 28 N.Y.3d 316, 329 (2016) – were premised on a defendant bank's repeated use of a New York correspondent account to further specific alleged wrongdoing, not "mere maintenance" of a correspondent account. *Licci,* 732 F.3d at 171-73; *Al Rushaid,* 28 N.Y.3d at 326-27, 330-31.[2] If adopted, Plaintiff's argument that because New York personnel may have had access to records concerning the 19 transactions at issue, he is entitled to broad discovery of records of Bradesco's New York operations would mean that every transaction processed anywhere by a global bank with a New York compliance team would be "connected to New York" – a result that would, as Bradesco argues, make jurisdictional limitations meaningless. (ECF 80, Bradesco

---

[2]    Unless otherwise indicated, this opinion and order omits internal quotation marks, citations, and alterations from quoted text.

Letter.) Similarly, Plaintiff's argument that because certain of Tricon's methanol-related payments cleared through a New York intermediary bank he should be entitled to broad discovery into the Bradesco-Tricon relationship in New York, if adopted, would also impermissibly erode jurisdictional limitations.

Plaintiff also argues that he is entitled to jurisdictional discovery to support an argument that there is personal jurisdiction over non-domiciliary defendants under Section 1965(b) of the civil RICO statute. (ECF 73.) But that section does not confer "nationwide personal jurisdiction over every defendant in every civil RICO case, no matter where the defendant is found." *Fire & Police Pension Ass'n of Colorado v. Bank of Montreal,* 368 F. Supp. 3d 681, 694 (S.D.N.Y. 2019) (quoting *PT United Can Co. Ltd. v. Crown Cork & Seal Co., Inc.,* 138 F.3d 65, 71 (2d Cir. 1998)). A civil RICO case may be brought in a district where "personal jurisdiction based on minimum contacts is established as to at least one" so-called anchor defendant, *Fire & Police Pension Ass'n of Colorado,* 368 F. Supp. 3d 681, 694; in that circumstance, Section 1965(b) "authorizes the court's assertion of nationwide personal jurisdiction over other parties . . . where the ends of justice so require," *Hitachi Data Sys. Credit Corp. v. Precision Discovery, Inc.,* 331 F. Supp. 3d 130, 145 (S.D.N.Y. 2018) (quoting *PT United Can Co. Ltd.,* 138 F. 3d at 71), and consistent with the requirements of the Fifth Amendment's due process clause. The jurisdictional discovery provided should be sufficient for Plaintiff to test whether any Defendant qualifies as an anchor defendant and if so, whether other Defendants have sufficient minimum contacts with this District to permit an exercise of personal jurisdiction over them consistent with the requirements of due process.

## Conclusion

Plaintiff's motion to compel (ECF 73) and for reconsideration (ECF 71) are **DENIED**.

Plaintiff's objection to this order, if any, shall be due 14 days after service of this order on him.

The Clerk of Court is respectfully requested to terminate ECF 73.

Dated:  June 29, 2026            SO ORDERED.
        New York, NY

_____
**ROBYN F. TARNOFSKY**
**United States Magistrate Judge**