UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOHN KAWESKE,

Plaintiff,

-against-

BANCO BRADESCO S.A., et al.,

Defendants.

25-CV-6588 (JLR) (RFT)

**OPINION & ORDER**

**ROBYN F. TARNOFSKY, UNITED STATES MAGISTRATE JUDGE:**

Pending before the Court is Plaintiff's motion to extend the service deadline for foreign defendants Tricon Energy do Brasil Comércio de Produtos Químicos Ltda. ("TE Brasil"), Mohamad Hussein Mourad, and Roberto Augusto Leme da Silva, and for service under Rule 4(f)(3) for the two individuals (the "Motion"). (**ECF 131**.) The service deadline expired on September 27, 2026. Plaintiff states that he filed an update and request for extension before the deadline, but the filing was not docketed by the deadline. (*Id.*) For the reasons set forth below, and as specified herein, the Motion is **GRANTED IN PART** and **DENIED IN PART**.

**I.**

**HAGUE CONVENTION SERVICE**

Plaintiff reports that service on TE Brasil is not complete. He has not yet transmitted the necessary request under the Hague Convention from a forwarding authority to Brazil's Central Authority as to TE Brasil. *See FingerMotion, Inc. v. Capybara Research*, No. 23-CV-9212 (JPC) (KHP), 2024 WL 81818, *1 (S.D.N.Y. 2024) ("Brazil permits only one method of service if the defendant does not waive service: service through its Central Authority if the address of the defendant is known or the Inter-American Convention on Letters Rogatory and Additional

Protocol if an address is unknown.") (citing Hague Conference on Priv. Int'l Law*, Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters*);[1] *Thomas v. Biocine Sclavo,* No. 94-CV-1568 (RSP) (DNH), 1998 WL 51861, at *7 (N.D.N.Y. 1998) (explaining that, under the Hague Convention, each participating country designates a Central Authority to effect requested service and that the requesting party must provide a Request for Service, Certificate, and Summary of the Document to be Served, in the form provided, as well as copies of the documents to be served and translated versions if required by the applicable country); *Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters* art. 3, Nov. 15, 1965, T.I.A.S. No. 6638, 659 U.N.T.S. 163 (providing that an authority or judicial officer competent under the law of the originating State must forward the request for service to the receiving State's Central Authority).

The Hague Convention provides that a forwarding authority must meet two criteria: (1) it must be an "authority" or "judicial officer"; and (2) the "authority" or "judicial officer" must be "competent under the law of the State in which the documents originate." OIJA Guidance on Attorneys and Professional Process Servers as Competent Forwarding Authorities under the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters Pursuant to U.S. Law (August 11, 2026);[2] *see also* OIJA Guidance on Service

---

[1] This source is available at https://www.hcch.net/en/instruments/conventions/full-text/?cid=17) (last visited on November 4, 2026).

Unless otherwise indicated, this order omits internal quotation marks, citations, footnotes, and alterations from quoted text.

[2] The Office of International Judicial Assistance ("OIJA"), a component of the U.S. Department of Justice's Civil Division, serves as the United States' Central Authority under the Hague Service Convention. *See U.S.* Dep't of Just., Civ. Div., *Office of International Judicial Assistance*, available at https://www.justice.gov/civil/office-international-judicial-assistance-0

Abroad in U.S. Litigation (2026) ("A pro se party or private individual is NOT a competent Forwarding Authority. In such cases, the clerk of court, a licensed attorney, or other appropriate authority that is empowered to serve the complaint domestically should prepare and submit the request for service."). A form of request to Brazil's Central Authority is attached at Exhibit C to the Declaration of John Kaweske ("Kaweske Decl.") at ECF 132.

Because of Plaintiff's pro se status, which leaves him unable to sign the request under the Hague Convention from a forwarding authority to Brazil's Central Authority as to TE Brasil, it is appropriate for the Clerk of Court to sign the request.

It is my understanding that service of process through the Hague Convention usually takes between nine and 18 months in Brazil. *See* Hague Conference on Private Int'l Law, *Brazil – Central Authority & Practical Information*. Accordingly, Plaintiff's time to serve TE Brasil is extended nunc pro tunc until **August 2, 2027**; if service has not been effected on TE Brasil by that date, Plaintiff may request a further extension of time for service to be effected on TE Brasil.

---

(last visited on November 4, 2026). Although OIJA's guidance is not binding judicial authority, in its Central Authority capacity, OIJA has issued guidance interpreting the qualifications of competent forwarding authorities under Article 3, which leaves that determination to the law of the requesting State. OIJA concluded that U.S. licensed attorneys and court officials qualify, while pro se litigants are not competent to transmit a request for service to a foreign Central Authority. *See* U.S. Dep't of Just., Civ. Div., Off. of Int'l Jud. Assistance, *Guidance on Attorneys and Professional Process Servers as Competent Forwarding Authorities Under the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters Pursuant to U.S. Law*, 1-3 (Aug 11, 2023, 2026), available at https://www.justice.gov/civil/media/1457296/dl?inline (last visited on November 4, 2026).

**II.**

**SERVICE UNDER RULE 4(f)**

Plaintiff reports that he has been unable to locate the two foreign individual defendants, Mourad and Leme, and no summons has been issued as to either of them. Plaintiff has searched for an address for serving them approximately twice monthly through Google, Jusbrasil (which I believe to be the Brazilian equivalent of Westlaw or Lexis), Brazilian judicial materials, and Brazilian news sources. (*See id.* at 7.) Brazilian news sources say Brazilian authorities located both individuals somewhere in Libya in April 2026. (*See id.* Ex. D at 2, 7.) Plaintiff also reports that the official record of the Superior Tribunal de Justiça states that Leme is a fugitive. (*See id.* Ex. H at 1.) The State Department's August 31, 2026 advisory classifies Libya as Level 4, Do Not Travel. Plaintiff requests permission to effect service on Mourad and Leme by serving identified counsel. (ECF 131, Pl.'s Mot. To. Extend Foreign-Service Deadline at 9.)

A. Legal Principles

Federal Rule of Civil Procedure 4(f) "governs service of process on individuals in a foreign country." *Prediction Co. LLC v. Rajgarhia,* No. 09-CV-7459 (SAS), 2010 WL 1050307, at *1 (S.D.N.Y. Mar. 22,2010). Under Rule 4(f)(3), district courts have authority and discretion to order service on a person at a place not within any judicial district of the United States "by other means not prohibited by international agreement, as the court orders." Fed. R. Civ. P. 4(f)(3); *see also Safran Electronic & Defense SAS v. Exail* SAS, 764 F. Supp. 3d 133, 142 (S.D.N.Y. 2025) (holding that alternative service is up to the sound discretion of the district court). Service pursuant to Rule 4(f)(3) is "neither a last resort nor extraordinary relief. It is merely one means

among several which enables service of process on an international defendant." *Rajgarhia*, 2010 WL 1050307 at *1.

Courts in this District frequently consider two threshold requirements before authorizing service under Rule 4(f)(3): whether the plaintiff reasonably attempted service through conventional means and whether circumstances demonstrate the necessity of court intervention. *See In re GLG Life Tech Corp. Sec. Litig.*, 287 F.R.D. 262, 265-66 (N.D.N.Y. 2026); *United States v. Lebanese Canadian Bank SAL,* 285 F.R.D. 262, 267 (S.D.N.Y. 2012*)* ; *Devi v. Rajapaska,* No. 11-CV-6634 (NRB), 2012 WL 309605, at *2 (S.D.N.Y. Jan. 31, 2012).

Where the Hague Service Convention is potentially implicated, Article 1 provides that the Convention "shall not apply where the address of the person to be served with the document is not known." Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matter art. 1, Nov. 15, 1965, 20 U.S.T. 361. "Courts in this Circuit have found an address is not known if the plaintiff exercised reasonable diligence in attempting to discover a physical address for service of process and was unsuccessful in doing so." *Advanced Access Content Sys. Licensing Adm'r, LLC v. Shen*, No. 14-CV-1112 (VSB), 2018 WL 4757939, at *4 (S.D.N.Y. Sept. 30,2018).

Service ordered under Rule 4(f)(3) must "comport[] with constitutional notions of due process." *Shim v. Luxury Asset Cap., LLC*, No. 24-CV-9738 (JPC), 2025 WL 3039958, at *1 (S.D.N.Y. Oct. 31, 2025). To satisfy due process, the method of service must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950); *see also Rajgarhia*, 2010 WL 1050307, *1 (extending "reasonably

calculated" service to include alternative methods of "delivery to the defendant's attorney . . . and most recently, email").

Service through counsel may also satisfy the process where the record demonstrates adequate and sufficiently recent communication between the defendant and the attorney such that service on counsel is reasonably calculated to provide notice. *See Ehrenfeld v. Salim a Bin Mahfouz*, No. 4-CV-9641 (RCC), 2005 WL 696769, at *3 (S.D.N.Y Mar. 23, 2005) (authorizing service where counsel was in communication with the defendant regarding related proceedings and knew how to locate him); *Rio Prop., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1017 (9th Cir. 2002) (authorizing service on counsel who has been specifically consulted regarding the lawsuit). By contrast, prior representation alone is insufficient where the record does not show adequate communication between counsel and the defendant. *See Madu, Edozie & Madu, P.C. v. SocketWorks Ltd. Nigeria* 265 F.R.D. 106, 115-17 (S.D.N.Y. 2010) (indirect connection between plaintiff and law firm was not adequate communication to grant substitute service through the firm because the firm had never personally represented plaintiffs and had no knowledge of how to contact them).

B. Plaintiff's Efforts at Conventional Service

I conclude that Plaintiff took reasonable steps to serve through conventional means and to identify a physical address for Mourad and Leme, and whether circumstances demonstrate the necessity of court intervention. Plaintiff's searches of public records and Brazilian legal databases led to reports of those defendants' fugitive status, and the Brazilian Superior Court of Justice identified Leme as a fugitive in a February 2026 decision. (ECF 132, Kaweske Decl. Ex. H, Superior Tribunal de Justiça, Selected Judicial-Record Extracts, at 34.) Although Plaintiff did not

hire an investigator, Rule 4(f)(3) does not require exhaustion of every available method of service. Indeed, considering whether a plaintiff reasonably tried to serve a defendant guides the exercise of discretion but is not "akin to an exhaustion requirement." *In re BRF S.A. Sec. Litig.*, No. 18-CV-2213 (PKC), 2019 WL 257971, *2 (S.D.N.Y. Jan. 18, 2019) (permitting alternative service through counsel because the alternative – the letters rogatory process – would be extremely time consuming); *see also United States v. Mrvic*, 652 F. Supp. 3d 409, 414 (S.D.N.Y Jan. 24, 2023) (finding Court intervention necessary after unsuccessful Hague Convention service on defendants believed to be in Bosnia-Herzegovina); *Javier H. v. Garcia-Botello*, 217 F.R.D. 308, 309 (W.D.N.Y. 2003) (permitting service through publication for a fugitive defendant who could not be located by the process server and whose co-defendants had already been successfully located and served); *Troll v. Binance Holdings Ltd.*, No. 24-CV-7136 (JAV), ECF 94, at 2–3, 8–9 (S.D.N.Y. May 16, 2025) (permitting alternative service based on press reports that the defendant had departed from the United States as well as unsuccessful investigation efforts to locate the defendant).

Given that it appears that Mourad and Leme are fugitives and that their last known location was in Libya, for which the State Department has issued a "Level 4 – Do Not Travel" warning, it would be unreasonable to expect Plaintiff to have hired and sent investigators to try to locate and serve those Defendants personally. (*See* ECF 132, Kaweske Decl. Ex. J, U.S. Department of State: Libya Travel Advisory at 23.)

For the foregoing reasons, I conclude that the Hague Convention does not apply to service on Mourad and Leme.

C. Sufficiency of Service on Counsel

As to whether Plaintiff has shown that service on the identified lawyers would comport with the requirements of the Due Process Clause, Plaintiff points to the following sources linking Mourad and Leme with specific lawyers:

- A May 22, 2026 Agência Estado report published by UOL identifying Guilherme San Juan Araujo as the criminal defense lawyer who represents Mourad and Leme and reports San Juan's response to an inquiry concerning their cooperation (*see* ECF 132, Kaweske Decl. Ex. E, Selected Report Passage Identifying Counsel for Both Individuals at 30);
- A June 18, 2026 O Bastidor report identifying San Juan as representing both Mourad and Leme (*see id.* Ex. F, Selected Passage Identifying the Lawyer and Both Clients at 31);
- A law firm's professional page identifying San Juan and publishing his individual email address, the firm's email address, and the address of its São Paulo office (*see id.* Ex. G, San Juan Araujo Advogados: Published Professional Contacts at 32);
- The decision of the Superior Tribunal de Justiça in AgRg no RHC 226.192/PR, published February 20, 2026, listing Celso Sanchez Vilardi among four lawyers appearing for Leme and identifying Mourad as a co-defendant in the underlying proceedings (*see id.* Ex. H, Superior Tribunal de Justiça: Selected Judicial-Record Extracts at 33);
- Vilardi Advogados publishes the office address of Sanchez's firm (*see id.* Ex. I, Vilardi Advogados: Published Professional Contacts at 26);
- A report by CNN Brasil report stating that Leme was coordinating with his lawyers during the weeks preceding April 10, 2026 (*see id.* Ex. A, CNN Brasil Article with English Translation at 1).

The proffered evidence – which includes a Brazilian court decision from February 2026 listing Attorney Sanchez as representing Leme – sufficiently links Leme to Attorney Sanchez and supports a conclusion that service on Attorney Sanchez at his office address listed in Vilardi Advogados is reasonably likely to provide notice of this case to Leme. *See, e.g., BRF*, 2019 WL 257971, *2 (granting authorization under Rule 4(f)(3) to serve individual Brazilian defendants via their Brazilian criminal defense counsel identified in court filings, a power of attorney filing, and a press report); *In re Petrobras*, No. 14-CV-9662 (JSR), 2015 WL 10846515, at *2 (S.D.N.Y. Nov. 2, 2015) (permitting service through counsel identified on public court dockets).

The proffered evidence linking Leme to Attorney San Juan and linking Mousad to both Attorneys San Juan and Sanchez is less robust. News reports from May and June 2026 that Leme and Mousad are represented by Attorney San Juan, but the sources for those reports are not identified. (*See* ECF 132, Kaweske Decl. Ex. E, Selected Report Passage Identifying Counsel for Both Individuals at 30; *see id.* Ex. F, Selected Passage Identifying the Lawyer and Both Clients at 31.) I am unaware of any case permitting service through an attorney where the only source of the relationship between counsel and the defendant was a news report. *Cf. Doe v. Hyassat,* 337 F.R.D. 12, 17-18 (S.D.N.Y. 2020) (denying permission for alternative service under Rule 4(f)(3) through a criminal defense attorney where there was no credible evidence that the attorney had ever represented the defendant and explaining that when courts have permitted service on a defendant's lawyer in another matter, the representation was clearly established by court filings, appearances, or direct acknowledgment). Similarly, while a court filing identifies Attorney Sanchez as representing Leme, the filing states only that Mourad is Leme's co-defendant and does not clearly state that Attorney Sanchez represents Mourad as well as Leme (*see* ECF 132,

Kaweske Decl. Ex. H, Superior Tribunal de Justiça: Selected Judicial-Record Extracts at 33-35); co-defendants do not necessarily share counsel.

Under the circumstances, I cannot conclude that service on Attorney San Juan is reasonably likely to provide notice of this case either to Leme or to Mourad; and I cannot conclude that service on Attorney Sanchez is reasonably likely to provide notice of this case to Mourad. *See Hyassat,* 337 F.R.D. at 15; *cf. Berdeaux v. OneCoin Ltd*., No. 19-CV-4074 (VEC), 2020 WL 409633, at *2-3 (S.D.N.Y. Jan. 24, 2020) (authorizing alternative service on one reportedly fugitive defendant but declining to permit alternative service by email on another reportedly fugitive defendant because the plaintiff had not established that the identified email address belonged to the second fugitive defendant and therefore had not established that service through the proposed channel was likely to reach the second fugitive defendant).

## CONCLUSION

For the foregoing reasons, the Motion (ECF 131) is **GRANTED IN PART**, in that (a) the Clerk of Court is respectfully requested to sign the form of request to Brazil's Central Authority at ECF 132, Kaweske Decl. Ex. C; (b) the deadline for serving the foreign defendants is extended nunc pro tunc until **August 2, 2027**; and (c) Plaintiff may serve Leme through Attorney Sanchez at the office address listed in Vilardi Advogados. The Motion is **DENIED IN PART**, in that (a) Plaintiff may not serve Leme through Attorney San Juan; and (b) Plaintiff may not serve Mourad by either of the identified lawyers. This ruling is without prejudice to Plaintiff's filing of another motion for alternative service on Mourad, based on more authoritative evidence of Mourad's relationship with Brazilian or other counsel, or seeking service by another mechanism that is reasonably likely to provide Mourad with notice of this case.

The Clerk of Court is respectfully requested to sign the form of request to Brazil's Central Authority at ECF 132, Kaweske Decl. Ex. C. The Clerk of Court is also respectfully requested to terminate **ECF 131.**

Dated: November 5, 2026
New York, New York

**SO ORDERED.**



______________________________

**ROBYN F. TARNOFSKY**
**United States Magistrate Judge**